FILED
DECEMBER 11, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:07-cv-06967    Document 1    Filed 12/11/2007    Page 1 of 9

07 C 6967

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE KOCORAS**
**MAGISTRATE JUDGE BROWN**

| | |
|---|---|
| DR. HANSEL M. DEBARTOLO ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | **J. N.** |
| XO COMMUNICATIONS SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AT LAW

Now comes the Plaintiff, DR. HANSEL M. DeBARTOLO ("DeBartolo"), by and through his attorney, STUART P. KRAUSKOPF, and complains of Defendant, XO COMMUNICATIONS SERVICES, INC. ("Mutual Group"), as follows:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

### II. THE PARTIES

1.  Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

2.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Mutual Group maintains, or maintained, a medical benefit plan ("Plan") and exercises, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

1

3. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

4. Aetna, an insurance company, performed certain claims services for the Defendant, XO Communications Services, Inc. pursuant to an Administrative Services Only Agreement between Aetna and XO Communications Services, Inc. effective January 1, 2001. XO Communications Services, Inc.'s plan name is XO Communications, Inc. Health Care Plan. The Plan Sponsor is XO Communications, Inc. The Claims Administrator for medical and dental claims is Aetna. The Source of Contributions for the Plan is through XO Communications, Inc.'s contributions and employee pre-tax contributions. Benefits are paid by XO Communications, Inc. from its general assets on a self-insured basis.

### III. JURISDICTION

4. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

### IV. VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

### V. ALLEGATIONS

**COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS**

6. Plaintiff restates and realleges the allegations contained in Paragraphs One through Five, inclusive and as this Paragraph Six, and incorporates each by reference as though each had been fully set forth herein.

7. Prior to rendering treatment to one of Plaintiff's patients, Angela Hart

("Hart"), Plaintiff contacted Mutual Group for the purpose of verifying that Angela Hart ("Hart") was covered under the Plan. Mutual Group verified such coverage.

8. Hart thereupon assigned her rights to benefit payments under the Plan to Aetna Healthcare ("Aetna"), the Claims Administrator for Mutual Group, with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Hart (the "Assignment"). A true and correct copy of Hart's assignment is attached hereto and incorporated herein as Exhibit A.

9. Mutual Group also acknowledged the assignment made by Hart by forwarding payments via Aetna to Plaintiff totaling $14,951.24 for some of the medical services furnished by Plaintiff to Hart. However, Mutual Group denied the remaining claims made for treatment furnished to Hart under the Plan.

10. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Hart by Plaintiff totals $87,808.76 which the Mutual Group has failed and refused to pay to Plaintiff.

11. The failure and refusal on the part of the Defendant to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

12. As a direct and proximate result to the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

13. As a further direct and proximate result of the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by the Mutual Group pursuant to 29 U.S.C. 1132(g)(1).

14. Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that the Mutual Group is able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendant and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Mutual Group as follows:

A. A judgment that Plaintiff is entitled to $87,808.76 under the Plan;

B. An order directing the Defendant to pay all benefits assigned to Plaintiff by Hart, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C. Judgment in Plaintiff's favor, directing Defendant to pay Plaintiff punitive damages for Mutual Group's malicious and reckless indifference to Plaintiff's rights;

D. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E. Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F. Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

### COUNT II: ESTOPPEL

15. Plaintiff restates and realleges the allegations contained in Paragraphs One through Fourteen, inclusive, as this Paragraph Fifteen, and incorporates each by reference as though each has been fully set forth herein.

16. Plaintiff reasonably relied to his detriment upon the representations referred to in Paragraph 9 hereof and the subsequent direct payment of benefits to him from the Defendant.

17. Plaintiff was damaged as a result of the subsequent cessation of benefit payments to him under the Plan.

18. Based upon, *inter alia*, the representation that Hart was covered by the Plan and the subsequent payment in benefits to Plaintiff there under, the Defendant is estopped from refusing to recognize and comply with Hart's assignment of benefits to Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for relief against Mutual Group as follows:

A. Judgment in favor of Plaintiff directing the Mutual Group to pay to Plaintiff the sum of $87,808.76, together with interest at the legal rate on such payment from the date such payment was due under the Plan until the date such payment is made;

B. Judgment in Plaintiff's favor directing the Defendant to pay Plaintiff punitive damages for Defendant's malicious and reckless indifference to Plaintiff's rights;

C. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses; and

D. Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

## COUNT IV: ALTERNATIVELY PLED: MISREPRESENTATION

19. Plaintiff restates and realleges the allegations contained in Paragraphs One through Eighteen, inclusive, as this Paragraph Nineteen, and incorporates each reference as though each had been fully set forth herein.

20. To the extent that Hart was not a participant in, or entitled to coverage under the Plan on the date Plaintiff verified Hart's coverage, the Defendant misrepresented those facts to Plaintiff and Plaintiff acted in reliance upon said misrepresentations to his detriment.

21. Plaintiff has been damaged in a sum which is not less than $87,808.76 as a result of the aforesaid misrepresentations of the Defendant.

**WHEREFORE**, Plaintiff prays for relief against Mutual Groups as follows:

A. A judgment directing the Mutual Group to pay to Plaintiff the sum of $87,808.76, together with interest at the legal rate on each monthly payment from the date such payments would have been due under the Plan until the date such payment is made;

B. Judgment in Plaintiff's favor directing Mutual Group to pay Plaintiff punitive damages for said Defendant's malicious and reckless indifference to Plaintiff's rights;

C. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses; and

D. Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury.


Respectfully submitted,

s/ STUART P. KRAUSKOPF

Stuart P. Krauskopf, P.C.
Michael A. Schnitzer, P.C.
Lindsay Malitz, P.C.
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

# EXHIBIT A

**DR. H.M. DeBARTOLO, JR., M.D., J.D.**
11 DEBARTOLO DRIVE
SUGAR GROVE, IL 60554
(630) 859-1818
FAX: (630) 859-1830

NAME: Angela Hart

DATE: 9/24/03

I assign my medical benefits and rights from:

Aetna

(Insurance Company)

To Dr. H.M. DeBartolo Jr., M.D., J.D., for services rendered.

*Angela Hart*
Signature

I hereby give permission for Dr. H.M. DeBartolo Jr. to receive all of my records from any and all other providers or health care entities.

*Angela Hart*   9/24/03
Signed          Date

I hereby give permission for Dr. H.M. DeBartolo Jr. to file any appeals that are necessary with regard to any denials, insufficient, or non-payments of my medical claims.

*Angela Hart*   9/24/03
Signed          Date