UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. HANSEL M. DEBARTOLO

       Plaintiff,

v.

XO COMMUNICATIONS SERVICES, INC.

       Defendant.

Case No: 07 C 6967
Judge Charles P. Kocoras
Courtroom 1725
Magistrate Judge Geraldine Soat Brown
Courtroom 1812

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant XO Communications, Inc. incorrectly named XO Communications Services, Inc. ("Defendant" or "XO Communications") by and through its attorneys, Gonzalez, Saggio and Harlan, L.L.C. by Elizabeth A. McDuffie, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois, sets forth the following as and for its Answers and Affirmative Defenses to the Complaint at Law filed by the Plaintiff Dr. Hansel M. DeBartolo ("Plaintiff" or "Mr. DeBartolo") in the above-referenced action.

**COMPLAINT AT LAW**

**I. PRELIMINARY STATEMENT**

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

**ANSWER:** Defendant admits Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(a)(1)(B). Defendant denies any allegations or

implications that Plaintiff is entitled to any payments and denies the remaining allegations of the Paragraph.

## II. THE PARTIES

**COMPLAINT PARAGRAPH NO. 1:** Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore denies same and puts Plaintiff to his proof.

**COMPLAINT PARAGRAPH NO. 2:** Plaintiff is informed and believes, and based thereon alleges, that Defendant Mutual Group maintains, or maintained, a medical benefit plan ("Plan") and exercises, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

**ANSWER:** Defendant admits that it maintained the XO Communications, Inc. Health Care Plan and that it was the Plan Administrator with discretionary authority respecting the Plan. Defendant denies the remaining allegations contained in this Paragraph. Defendant specifically avers that it delegated discretionary authority to Aetna Life Insurance Company to make claim/benefit eligibility determinations.

**COMPLAINT PARAGRAPH NO. 3:** Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

**ANSWER:** Defendant denies the allegations contained in this Paragraph. Defendant specifically avers that it maintained the XO Communications, Inc. Health Care Plan which is an employee welfare benefit plan covered by ERISA.

**COMPLAINT PARAGRAPH NO. 4:** Aetna, an insurance company, performed certain claims services for the Defendant, XO Communications Services, Inc. pursuant to an Administrative Services Only Agreement between Aetna and XO Communications Services, Inc. effective January 1, 2001. XO Communications Services, Inc.'s plan name is XO Communications, Inc. Health Care Plan. The Plan Sponsor is XO Communications, Inc. The Claims Administrator for medical and dental claims is Aetna. The Source of Contributions for the Plan is through XO Communications, Inc.'s contributions and employee pre-tax contributions. Benefits are paid by XO Communications, Inc. from its general assets on a self-insured basis.

**ANSWER:** Defendant admits the allegations contained in this Paragraph, except to the extent that Defendant is referred to as XO Communications Services, Inc. Defendant specifically avers that the appropriate name is XO Communications, Inc.

### III.  JURISDICTION

**COMPLAINT PARAGRAPH NO. 4[sic]:** Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore denies same and puts Plaintiff to his proof.

### IV.  VENUE

**COMPLAINT PARAGRAPH NO. 5[sic]:** Venue is proper pursuant to 28 U.S.C. § 1391 (a) and (c).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore denies same and puts

Plaintiff to his proof.

## V. ALLEGATIONS

### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

**COMPLAINT PARAGRAPH NO. 6[sic]:** Plaintiff restates and realleges the allegations contained in Paragraph One through Five, inclusive and as this Paragraph Six, and incorporates each by reference as though each had been fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference all answers and averments set forth in the answered Paragraphs one through five as though the same were set forth herein at length.

**COMPLAINT PARAGRAPH NO. 7[sic]:** Prior to rendering treatment to one of Plaintiff's patients, Angela Hart ("Hart"), Plaintiff contacted Mutual Group for the purpose of verifying that Angela Hart ("Hart") was covered under the Plan. Mutual Group verified such coverage.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and therefore denies same and puts Plaintiff to his proof.

**COMPLAINT PARAGRAPH NO. 8[sic]:** Hart thereupon assigned her rights to benefit payments under the Plan to Aetna Healthcare ("Aetna"), the Claims Administrator for Mutual Group, with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Hart (the "Assignment"). A true and correct copy of Hart's assignment is attached hereto and incorporated herein as Exhibit A.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COMPLAINT PARAGRAPH NO. 9[sic]:** Mutual Group also acknowledged the

4

assignment made by Hart by forwarding payments via Aetna to Plaintiff totaling $14,951.24 for some of the medical services furnished by Plaintiff to Hart. However, Mutual Group denied the remaining claims made for treatment furnished to Hart under the Plan.

**ANSWER:** Defendant denies the allegations contained in this Paragraph. Defendant specifically avers that Aetna is the Claims Administrator.

**COMPLAINT PARAGRAPH NO. 10[sic]:** The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Hart by Plaintiff totals $87,808.76 which the Mutual Group has failed and refused to pay to Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this Paragraph. Defendant specifically avers that Aetna is the Claims Administrator.

**COMPLAINT PARAGRAPH NO. 11[sic]:** The failure and refusal on the part of the Defendant to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COMPLAINT PARAGRAPH NO. 12[sic]:** As a direct and proximate result to the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COMPLAINT PARAGRAPH NO. 13[sic]:** As a further direct and proximate result of the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by the Mutual Group pursuant to 29 U.S.C. 1132(g)(1).

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COMPLAINT PARAGRAPH NO. 14[sic]:** Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that the Mutual Group is able to satisfy an award of attorney fees; that an award of such fees would deter the Defendant and others from acting similarly under like circumstances; and that Plaintiff's claim is meritorious.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

## COUNT II: ESTOPPEL

**COMPLAINT PARAGRAPH NO. 15[sic]:** Plaintiff restates and realleges the allegations contained in Paragraph One through Fourteen, inclusive, as this Paragraph Fifteen, and incorporates each by reference as though each has been fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference all of the answers and averments set forth in the answered Paragraphs one through fourteen as though the same were set forth herein at length.

**COMPLAINT PARAGRAPH NO. 16[sic]:** Plaintiff reasonably relied to his detriment upon the representations referred to in Paragraph 9 hereof and the subsequent direct payment of benefits to him from the Defendant.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COMPLAINT PARAGRAPH NO. 17[sic]:** Plaintiff was damaged as a result of the subsequent cessation of benefits payments to him under the Plan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore denies same and puts Plaintiff to his proof.

**COMPLAINT PARAGRAPH NO. 18[sic]:** Based upon, *inter alia*, the representation that Hart was covered by the Plan and the subsequent payment in benefits to Plaintiff thereunder, the Defendant is estopped from refusing to recognize and comply with Hart's assignment of benefits to Plaintiff under the Plan.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### COUNT IV: ALTERNATIVELY PLED: MISREPRESENTATION

**COMPLAINT PARAGRAPH NO. 19[sic]:** Plaintiff restates and realleges the allegations contained in Paragraph One through Eighteen, inclusive, as this Paragraph Nineteen, and incorporates each reference as though each had been fully set forth herein.

**ANSWER:** Defendant realleges and incorporates by reference all of the answers and averments set forth in the answered Paragraphs one through eighteen as though the same were set forth herein at length.

**COMPLAINT PARAGRAPH NO. 20[sic]:** To the extent that Hart was not a participant in, or entitled to coverage under the Plan on the date Plaintiff verified Hart's coverage, the Defendant misrepresented those facts to Plaintiff and Plaintiff acted in reliance upon said misrepresentations to his detriment.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COMPLAINT PARAGRAPH NO. 21[sic]:** Plaintiff has been damaged in a sum which is not less than $87,808.76 as a result of the aforesaid misrepresentations of the Defendant.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### AFFIRMATIVE DEFENSES

Defendant alleges the following as its Affirmative Defenses to the Complaint filed by

Plaintiff:

1. As and for its First Affirmative Defense, Plaintiff has failed to state a claim upon which relief may be granted.

2. As and for its Second Affirmative Defense, Plaintiff upon information and belief, failed to mitigate his damages.

3. As and for its Third Affirmative Defense, Plaintiff has not named all proper parties and/or necessary and indispensable parties under Rule 19.

4. As and for its Fourth Affirmative Defense, Plaintiff is not entitled to punitive damages and prejudgment interest under the Employee Retirement Income Security Act ("ERISA").

5. As and for its Fifth Affirmative Defense, Plaintiff is not entitled to a jury trial under ERISA.

6. As and for its Sixth Affirmative Defense, Plaintiff upon information and belief failed to file his claim and/or complaint within the time limitations set forth in the Plan and under the requirements of ERISA for benefit claims.

7. As and for its Seventh Affirmative Defense, Defendant is not a proper party to this lawsuit.

8. As and for its Eighth Affirmative Defense, Plaintiff upon information and belief failed to exhaust the administrative remedies under the Plan.

9. As and for its Ninth Affirmative Defense, Plaintiff does not have standing to bring this lawsuit because the Plan contains an anti-assignment clause.

10. As and for its Tenth Affirmative Defense, ERISA preempts any and all state law claims of estoppel and misrepresentation.

11. As and for its Eleventh Affirmative Defense, Plaintiff has failed to allege facts necessary to establish a claim for estoppel under federal law.

12. As and for its Twelfth Affirmative Defense, Defendant asserts that the doctrine of laches applies to Plaintiff's claims.

13. As and for its Thirteenth Affirmative Defense, Defendant reserves the right to raise additional defenses as may become known through investigation, discovery or otherwise.

    Respectfully submitted,

    s/Elizabeth A. McDuffie
    Elizabeth A. McDuffie
    35 East Wacker Drive, Suite 500
    Chicago, IL 60601
    Phone 312- 236-0475
    Fax   312-236-1750
    E-mail: liz_mcduffie@gshllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: stu@stuklaw.com, micheal.schnitzer@brg-law.com and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A.

s/Elizabeth A. McDuffie
Elizabeth A. McDuffie
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax    312-236-1750
E-mail:  liz_mcduffie@gshllp.com

**ATTORNEYS FOR DEFENDANT**