UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. HANSEL M. DEBARTOLO

       Plaintiff,

v.

XO COMMUNICATIONS SERVICES, INC.

       Defendant.

Case No: 07 C 6967
Judge Charles P. Kocoras
Courtroom 1725
Magistrate Judge Geraldine Soat Brown
Courtroom 1812

**MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

**Introduction**

Dr. Hansel M. DeBartolo ("DeBartolo") brought this action to obtain benefits under an employee welfare benefit plan. His Complaint is in three counts. Count I alleges a failure to pay benefits in violation of the Employee Retirement Income Security Act ("ERISA"). In Count II, DeBartolo seeks benefits under an estoppel theory and in Count III he seeks benefits based on misrepresentation. Judgment on the pleadings is warranted on Count I because DeBartolo has not sued the Plan. Judgment on the pleadings is proper on Counts II and III because these claims are preempted by ERISA.

**Facts**

According to the Complaint, DeBartolo is a physician. Complaint ¶ 2.[1] One of Debartolo's patients was Angela Hart ("Hart"). Complaint ¶ 3. Defendant, XO Communications, Inc. (incorrectly sued as XO Communications Services, Inc.)("XO"), sponsored and maintained an

---

[1] A true and correct copy of the Complaint is attached as Exhibit A and the Answer and Affirmative Defenses is attached as Exhibit B.

employee welfare benefit plan covered by ERISA. Complaint ¶¶ 3, 4; Answer ¶¶ 3, 4. The name of the plan is the XO Communications, Inc. Health Care Plan ("Plan"). Complaint ¶ 4; Answer ¶ 4. Aetna, an insurance company, was the claims administrator for the medical and dental claims. *Id.*

Hart was a participant in the Plan and assigned her rights to benefit payments under the Plan to DeBartolo. Complaint ¶ 8, Complaint Exhibit A. DeBartolo received benefits totaling $14,951.24 for some of the medical services he furnished to Hart. Complaint ¶ 9. DeBartolo claims that he furnished additional medical services to Hart in the amount of $87,808.76. Complaint ¶ 10. DeBartolo seeks a judgment in the amount of $87,808.76 (Prayer for Relief ¶ A) and "an order directing Defendant to pay all assigned benefits to Plaintiff". Prayer for Relief ¶ B.

## Argument

### A.  The Standard for a Motion for Judgment on the Pleadings

Rule 12(c), Fed. R. Civ. P. provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Judgment on the pleadings is proper "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no genuine issues of material fact to be resolved." *Moss v. Martin,* 473 F. 3d 694, 898 (7th Cir. 2007). *See also, e.g., Bannon v. University of Chicago,* 503 F.3d 623, 628 (7th Cir. 2007). The pleadings here are closed (XO filed its Answer and Affirmative Defenses on March 4, 2008). No trial date has been set so the motion is timely. And, as explained below, DeBartolo cannot prove any facts to support any of his claims against XO.

### B.  DeBartolo Cannot Sue XO for the Plan's Alleged Failure to Pay Benefits

Count I of the Complaint is brought under ERISA. ERISA provides, in pertinent part, as

2

follows:

> Any money judgment under this subchapter against an employee benefit plan shall be enforceable **only against the Plan** as an entity and shall not be enforceable against any other person unless his liability against such person is established in his individual capacity under this subchapter.

29 U.S.C. § 1132(d)(2). (Emphasis added). An ERISA plan is the only proper defendant when a claim is made for benefits under the ERISA enforcement statute. *See, e.g., Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan,* 378 F. 3d 669, 674 (7th Cir. 2004); *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir. 1996). ("ERISA permits suits to recover benefits only against the Plan as an entity.") In addition to this settled authority, DeBartolo was previously told by this court that "ERISA permits suits to recover benefits only against the Plan as an entity." *DeBartolo v. WalMart Store, Inc.,* 2002 WL 338878*3 (N.D. Ill. 2002) (dismissing defendant Walgreens Company on this basis).

The Plan here is XO Communications, Inc. Health Care Plan, which DeBartolo acknowledges in Complaint ¶ 4 and which XO admits in its Answer ¶ 4. The defendant, XO Communications, Inc., is not the Plan. XO asserted, as one of its Affirmative Defenses, failure to name all necessary and indispensible parties. Aff. Def. 3. DeBartolo has not sued the Plan although he seeks a money judgment against the Plan. Judgment on the pleadings in XO's favor on Count I is warranted.[2]

    **C.**    **The Estoppel Claim is Preempted by ERISA**

As DeBartolo is aware from prior litigation, ERISA preempts his estoppel claim. *See, e.g., DeBartolo v. WalMart Stores, Inc., supra*; *DeBartolo v. Plano Molding Co.,* 2002 WL 31027963

---

[2] DeBartolo also seeks punitive damages. Count I, Prayer for Relief, ¶ C. Extra-contractual damages, such as punitive damages, cannot be recovered under ERISA as a matter of law. *See, e. g., Lowe v. McGaw-Hill Companies,* 361 F.3d 335, 343 (7th Cir. 2004).

(N. D. Ill. 2002). In *WalMart,* as here, DeBartolo alleged that the defendants failed to pay him for medical services he provided to patients who assigned their rights to him under their benefit plans. The *WalMart* defendants filed a motion to dismiss. This court agreed that DeBartolo's state law claims, including his estoppel claim, were preempted by ERISA because he was seeking to enforce the plan participants' rights under their plans which brought his claim within the preemptive scope of ERISA. "When brought to recover benefits under a welfare plan, a participant's or beneficiary's - or their assignee's - state law claims of estoppel and misrepresentation are preempted by ERISA." 2002 WL 338878*2. Accordingly, the estoppel claim was dismissed. DeBartolo's estoppel claim in *Plano* met a similar fate. The same result should obtain here.

This court noted the possibility in *WalMart* that DeBartolo's estoppel claim was based on the federal common law rather than state law. A federal common law ERISA claim is very narrow in scope. *Coker v. Trans World Airlines, Inc.,* 165 F.,3d 579, 585 (7th Cir. 1999). DeBartolo must establish a knowing misrepresentation, made in writing, reasonable reliance on the misrepresentation and detriment. *Id.* In *WalMart* this court dismissed any common law estoppel claim noting that DeBartolo had neither asserted such a claim nor alleged a written misrepresentation. 2002 WL 338878*3.

It is not clear here whether DeBartolo's estoppel claim is based on the federal common law because he fails to assert such a claim. In any event, here, too, DeBartolo fails to allege a written misrepresentation. DeBartolo's attempt to satisfy this requirement falls far short of the mark. He alleges:

> Plaintiff reasonably relied to his detriment upon the representations referred to in Paragraph 9 hereof and the subsequent direct payment of benefits to him from the Defendant. Complaint, Count II, ¶ 16.

Paragraph 9, which purportedly contains the misrepresentation, states:

> [XO] also acknowledged the assignment made by Hart by forwarding payments via Aetna to plaintiff totaling $14,951.24 for some of the medical services furnished by Plaintiff to Hart. However, [XO] denied the remaining claims made for treatment furnished to Hart under the Plan.

There is a significant difference between an acknowledgment of an assignment and an agreement to pay the claims assigned. DeBartolo conveniently ignores this important distinction.[3] Additionally, the payments were not tantamount to a written representation that all of the services that DeBartolo would render to Hart in the future would be paid but rather a recognition that certain claims (or portions of claims) that were submitted met the Plan requirements for payment.

Another, independent reason for dismissing an alleged common law estoppel claim (in the event such a claim is deemed to be alleged), is that DeBartolo cannot show reasonable reliance. Any reliance by DeBartolo on a handful of payments he received as the sole basis of an alleged promise of full payment for all services to be rendered could not be reasonable as a matter of law because he admits that he received only a fraction of the amount he seeks, $14,951.24, when he submitted bills exceeding $100,000 ( he claims a balance of $87,808.76). And, although the Plan documents are not part of the record, it is implausible for a physician to expect that all of the charges he will submit will be paid in full, particularly without knowing what the terms of the Plan provide.

Judgment on the pleadings on Count II is appropriate.

### D.    The Misrepresentation Claim Is Preempted by ERISA

The misrepresentation claim alleged in Count III is likewise preempted by ERISA. DeBartolo knows this from *WalMart* and from *Plano. See, also, e.g., Bowe Bell + Howell Company*

---

[3] Given the fact that DeBartolo has been faced with this issue before and knows what is required to assert this claim, his choice of wording here is particularly noteworthy.

*v. Immco Employee's Association,* 2007 WL 73491*3 (N.D. Ill. 2007) (dismissing misrepresentation claim in an ERISA action by retirees challenging a change in their health care benefits based on ERISA preemption). Also, as a practical matter, no misrepresentation was alleged which is also fatal to this claim.

Judgment on the pleadings on Count III is appropriate.

## Conclusion

For these reasons, XO Communications, Inc. requests that judgment on the pleadings be entered in its favor and for such additional relief this court deems appropriate.

>Respectfully submitted,
>
>s/Lynn U. Thorpe
>Lynn U. Thorpe
>35 East Wacker Drive, Suite 500
>Chicago, IL 60601
>Phone 312- 236-0475
>Fax    312-236-1750
>E-mail: lynn_thorpe@gshllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: thoevel@hoevellaw.com and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A.

                        s/Lynn U. Thorpe
                        Lynn U. Thorpe
                        35 East Wacker Drive, Suite 500
                        Chicago, IL 60601
                        Phone 312- 236-0475
                        Fax    312-236-1750
                        E-mail: lynn_thorpe@gshllp.com

**ATTORNEYS FOR DEFENDANT**