IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. HANSEL M. DEBARTOLO,

    Plaintiff,

v.

XO COMMUNICATIONS, INC.
HEALTH CARE PLAN,

    Defendant.

Case No. 07 C 6967
Judge Charles P. Kocoras
Courtroom 1725
Magistrate Judge Geraldine Soat Brown
Courtroom 1812

**ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT AT LAW**

Defendant, XO Communications, Inc. Health Care Plan ("Plan"), by its attorneys, as its Answer and Affirmative Defenses to the First Amended Complaint at Law, states as follows:

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Dr., Sugar Grove, Illinois.

**Answer:** The Plan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendant is a self-funded employee benefit plan providing health insurance coverage to its enrollees and their dependents, including an individual named Angela Hart (hereinafter referred to as "Insured").

**Answer:** The Plan admits that it is a self-funded employee benefit plan and that it provides certain health insurance benefits to eligible enrollees and their dependents and that Angela Hart was enrolled in the Plan. The Plan denies the remaining allegations in Paragraph 2.

3.      That on or about October 17, 2002 through May 3, 2006 the Plaintiff, at the special instance and request of Insured, provided and delivered to the Insured, professional medical services for the fair and reasonable value and price of $102,760.00 of which there is a balance due and owing of $87,808.76.

**Answer:**    Denied.

4.      On or about the treatment dates, Insured requested of Plaintiff that it provide medical services and treatment to induce Plaintiff to do so, Insured assigned in writing to the Plaintiff all rights and benefits under the aforementioned policy for health insurance benefits. A copy of said assignment is attached as Exhibit A.

**Answer:**    The Plan admits that attached as Exhibit A is a document that appears to be an assignment and has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4. Further answering, Exhibit A is dated September 24, 2003.

5.      Defendant acknowledged Insured's assignment of benefits, by forwarding payments to Plaintiff totaling $14,951.24 for some of the medical services furnished by Plaintiff.

**Answer:**    The Plan admits that certain payments were directed to Plaintiff and denies the remaining allegations in Paragraph 5.

6.      The Insured and the Plaintiff at all times complied with the terms and conditions of said health insurance policy herein mentioned.

**Answer:**    Denied.

7.      Insured's medical condition treated by the Plaintiff was a loss or damage covered by said policy.

**Answer:**    Denied.

8. Plaintiff has exhausted all administrative remedies.

**Answer:** Denied.

9. That after repeated oral and written demands for the balance of payment of the policy benefits, the Defendant has failed and refused and still fails and refuses to pay said sum or any part thereof the Plaintiff.

**Answer:** The Plan admits that it has not paid additional sums to Plaintiff and denies the remaining allegations in Paragraph 9.

10. That by denying the policy coverage and policy benefits for its insured, Defendant has wrongfully breached said written contract for health insurance.

**Answer:** Denied.

11. That suit is now brought pursuant to ERISA, 29 U.S.C. Section 1132(a)(1)(B), which provides:

> "A civil action may be brought by a participant or beneficiary to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ..."

**Answer:** The Plan admits that ERISA so states and denies that Plaintiff is entitled to recovery.

12. Pursuant to 29 U.S.C. Section 1132(g)(1), Plaintiff may recover reasonable attorneys fees.

**Answer:** Denied.

### AFFIRMATIVE DEFENSES

As its Affirmative Defenses, the Plan states as follows:

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff failed to file his Complaint against the Plan within the time limitations set forth in the Plan.

3. To the extent Plaintiff claims he provided services prior to the execution of an Assignment, he has no standing to recover from the Plan.

4. Plaintiff's claims are barred by laches.

5. Plaintiff failed to exhaust his administrative remedies.

6. On information and belief, Plaintiff has failed to mitigate his damages.

Wherefore, defendant, XO Communications, Inc. Health Care Plan, prays for judgment in its favor, for its attorneys fees and costs, and for such additional relief the Court deems appropriate.

s/Lynn U. Thorpe
Lynn U. Thorpe
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax    312-236-1750
E-mail: lynn_thorpe@gshllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: thoevel@hoevellaw.com and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A.

        s/Lynn U. Thorpe
        Lynn U. Thorpe
        35 East Wacker Drive, Suite 500
        Chicago, IL 60601
        Phone 312- 236-0475
        Fax     312-236-1750
        E-mail: lynn_thorpe@gshllp.com

**ATTORNEYS FOR DEFENDANT**